UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JUSTINO DEJESUS, *pro se*,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　**MEMORANDUM AND ORDER**
　　　　　　　-against-　　　　　　　　　　　　:　　　　11-CV-5864 (DLI)
　　　　　　　　　　　　　　　　　　　　　　　　:
CAROLYN W. COLVIN,[1]　　　　　　　　　　　　:
Commissioner of Social Security,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendant.　　　　　　　:
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On September 15, 1996, Plaintiff Justino DeJesus filed his first application for supplemental security income ("SSI") under the Social Security Act (the "Act"). In March 1998, based on Plaintiff's first application, an Administrative Law Judge ("ALJ") found Plaintiff was disabled; however, Plaintiff did not receive SSI benefits at that time because the Social Security Administration ("SSA") determined he was not eligible for SSI under the Act due to his receipt of workers' compensation benefits that exceeded the allowed earning limit. On June 26, 2008, Plaintiff requested reconsideration of the denial of his first application. (Certified Administrative Record ("R."), Dkt. Entry No. 18, 23.) On August 12, 2008, the SSA affirmed the decision based on the first application. (R. 25-27.) Next, Plaintiff requested an administrative hearing to appeal the decision regarding his first application. (R. 35.) On February 16, 2010, Plaintiff appeared before ALJ Lucian A. Vecchio. (R. 142-48.) On February 24, 2010, ALJ Vecchio issued a decision finding that Plaintiff was not eligible for additional, retroactive SSI payments based on the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin shall be substituted for Commissioner Michael J. Astrue as the defendant in this action.

1

workers' compensation income he received during the time of his first application. (R. 14-16.) On March 10, 2011, ALJ Vecchio's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (R. 4-6.) Subsequently, the Appeals Council extended Plaintiff's time to commence a civil action through November 29, 2011. (R. 3.) Plaintiff filed the instant action seeking judicial review of the denial of benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Complaint ("Compl."), Dkt. Entry No. 1.) The Commissioner now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking affirmation of her denial of benefits on the ground that Plaintiff's income exceeded the resource and income limitations specified in the Act. *Pro se* plaintiff did not oppose the motion. However, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006)

For the reasons set forth below, the Commissioner's motion is denied and the matter is remanded for further administrative proceedings consistent with this opinion.

## BACKGROUND

More than nine years after the denial of his first application, on November 13, 2007, Plaintiff filed a second application for SSI. (R. 14.) Based on Plaintiff's second application, he was found disabled as of October 1, 2007 and began receiving SSI benefit payments in May 2008. (R. 14, 21.) However, when benefit payments commenced, Plaintiff believed that he was not receiving sufficient retroactive payments, since he first filed an application in 1996. (R. 8, 145.) Plaintiff received workers' compensation benefits at the time of his first application in September

1996. (R. 8.) While Plaintiff was found medically eligible in 1998, he did not receive benefits based on his first application because, according to SSA, his income exceeded the limitations in the Act. (R. 14.)

## DISCUSSION

### A. Standard of Review

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. §§ 405(g), 1383(c)(3). A district court, reviewing the final determination of the Commissioner, must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). The former determination requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act." *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982) (internal quotations omitted). The latter determination requires the court to ask whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The district court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand by the court for further proceedings is appropriate when "the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the . . . regulations."

*Manago v. Barnhart*, 321 F. Supp. 2d 559, 568 (E.D.N.Y. 2004). A remand to the Commissioner is also appropriate "[w]here there are gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (quoting *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997)). ALJs, unlike judges, have a duty to "affirmatively develop the record in light of the essentially non-adversarial nature of the benefits proceedings." *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999).

**B.     Disability Claims**

SSI is provided to eligible aged, blind, and disabled individuals through a federally funded, national program. 42 U.S.C. § 1381. To receive disability benefits, claimants must meet the eligibility requirements of the Act, which include certain income limitations. 42 U.S.C. § 1382. Income under the Act consists of both earned and unearned income, which are defined in the statute. 42 U.S.C. § 1382a. Unearned income is defined as all other income that is not earned. 42 U.S.C. § 1382a(a)(2). Specifically included in the definition of unearned income are "any payments received as an annuity, pension, retirement, or disability benefit, including . . . *workmen's compensation payments* . . . ." 42 U.S.C. § 1382a(a)(2)(B) (emphasis added).

**C.     ALJ's Decision**

On February 24, 2010, ALJ Vecchio issued a decision denying the Plaintiff's claims. (R. 11-16.) The ALJ explained that Plaintiff was receiving workers' compensation payments at the time of his first application in September 1996. (R. 15.) He also stated that the amount of workers' compensation benefits payments was $306.66 every two weeks, which totaled at least $613.32 per month.[2] (*Id.*) The ALJ then compared Plaintiff's lowest monthly income, minus

---

[2] The ALJ explained that, in some months, Plaintiff received three payments of $306.66, which totals $919.98.

4

the $20 general exclusion for unearned income, to the maximum amount of SSI benefits payable during 1996, 1997, 1998, 1999, and 2000. (*Id.*) ALJ Vecchio determined that Plaintiff's monthly income exceeded "the amount permitted for SSI eligibility based on his living arrangements." (*Id.*) Lastly, the ALJ noted that, due to Plaintiff's ineligibility from the date of the first application in 1996 through the date of the first ALJ decision in 1998, the date of Plaintiff's second application in November 2007 was the date that payments could commence. (*Id.*)

**D. Application**

The Commissioner moves for judgment on the pleadings, seeking affirmation of the denial of Plaintiff's benefits on the grounds that the factual findings are supported by substantial evidence and that the correct legal standards were applied. (Mem. of Law in Supp. of Def.'s Mot. for J. on the Pleadings at 7, Dkt. Entry No. 16.) Plaintiff has not opposed the motion for judgment on the pleadings but states in his complaint that "[t]he decision of the administrative law judge was erroneous, not supported by substantial evidence on the record and/or contrary to the law." (Compl. at ¶ 9.)

Based upon the record of this matter, the Court finds that the ALJ did not sufficiently develop the record to make a determination regarding whether Plaintiff's income exceeded the limitations set forth in the Act during the relevant time periods. Accordingly, remand is necessary to amplify the record in this regard and the Commissioner's motion for judgment on the pleadings must be denied.

---

However, the ALJ noted that, even assuming the lower amount of $613.32 per month, Plaintiff's income still exceeded the limitations set by the Act. (R. 15.)

1.      **Retroactive Payments**

The Code of Federal Regulations ("C.F.R.") delineates when payments of SSI benefits can be made by detailing when an application in is effect.  It states:

> If you file an application for SSI benefits before the first month you meet all the other requirements for eligibility, the application will remain in effect from the date it is filed until we make a final determination on your application, unless there is a hearing decision on your application. If there is a hearing decision, your application will remain in effect until the hearing decision is issued. . . .
>
> (b) If you first meet all the requirements for eligibility after the period for which your application was in effect, you must file a new application for benefits. In this case, we can pay you benefits only from the first day of the month following the month that you meet all the requirements based on the new application.

20 C.F.R. § 416.330.  The ALJ noted that "the SSI claim [Plaintiff] filed in September 1996 was denied due to excess income in December 1996 and affirmed on reconsideration in March 1998."[3] (R. 14.)  Therefore, Plaintiff's first application was in effect through March 1998.  Since Plaintiff became eligible after the period for which his first application was in effect, a new application was necessary.  The second application was filed in November 2007 and benefits can only be paid "from the first day of the month following the month that [Plaintiff] meet[s] all the requirements based on the new application."  20 C.F.R. § 416.330(b).  The ALJ properly articulated this standard in the decision, however the record lacked necessary information required to properly apply the standard to the facts.

2.      **Income Limitations**

In addition to the limitation on retroactive payments pursuant to 20 C.F.R. § 416.330, SSI eligibility has income restrictions.  42 U.S.C. § 1382.  At the hearing held on February 16, 2010,

---

[3] The December 1996 and March 1998 decisions were not provided in the Administrative Record filed with the Court.

Plaintiff testified that he was injured in 1979 and that he received workers' compensation due to the injury. (R. 145-46.) The ALJ specifically noted "[t]here is no evidence in the file dating back to 9/19/96" and did not question Plaintiff regarding the specific dates and amounts of workers' compensation benefits. (R. 145.) The Administrative Record includes what appears to be specific amounts in the "Query Print-out SSID dated 10/24/09." (R. 69.) The print-out lists "WC" next to "0996 0996" through "0199 0000" and amounts of at least 613.32 for each entry. (*Id.*) There is no testimony or other evidence confirming that this information indicates monthly payments of workers' compensation totaling at least $613.32 per month. Without information regarding the amounts and dates of payments one cannot determine whether Plaintiff was eligible under the income limitations during the time that his first application was in effect. Therefore, the ALJ did not sufficiently develop the record to make a proper finding of fact supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings is denied and remand is required to further develop the record in accord with this opinion. . *See Raja v. Astrue*, 2012 WL 1887131, at *4 (S.D.N.Y. May 23, 2012) ("Generally, when there has been legal error or a failure to develop the record, a reviewing court should reverse the Commissioner's decision and remand the appeal from the Commissioner's denial of benefits for further development of the evidence.") (internal quotations and citations omitted).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is denied. Accordingly, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision is reversed and this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion. On remand, the ALJ is to fully develop the administrative record by obtaining additional information regarding the Plaintiff's receipt of workers' compensation, including exact amounts and dates received to determine when Plaintiff became eligible for SSI benefits.

SO ORDERED.

DATED: Brooklyn, New York
         September 30, 2013

/s/
DORA L. IRIZARRY
United States District Judge